IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WALSH : <br> 325 MADISON STREET : <br> LANSDALE, PA 19446 : **CIVIL ACTION No. 25-5978** <br>          **Plaintiff,** : <br> : <br> V. : **JURY DEMANDED** <br> : <br> BUCKS COUNTY : <br> 55 EAST COURT STREET : <br> DOYLESTOWN, PA 18901 : <br> : <br> BUCKS COUNTY JAIL : <br> 1730 S. EASTON ROAD : <br> DOYLESTOWN, PA 18901 : <br> : <br> PRIMECARE MEDICAL, INC. : <br> 3940 LOCUST LANE : <br> HARRISBURG, PA 17109 : <br> : <br> JOHN AND JANE DOES 1- 10 : <br>          **Defendants.** : | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act.

2. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred in Bucks County, Pennsylvania, which is located within the Eastern District of Pennsylvania.

# **INTRODUCTION**

4. Plaintiff, Joseph Walsh, a paraplegic male, a paraplegic male and pretrial detainee, brings this civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, arising from Defendants' failure to provide constitutionally adequate medical care and disability accommodations while he was incarcerated at Bucks County Jail.

5. During his incarceration from August 23, 2024, to September 25, 2024, Plaintiff repeatedly notified jail and medical personnel of his disability-related needs. Despite this notice, Defendants denied him medically necessary accommodations, including access to his custom manual wheelchair, a pressure-relieving mattress, catheters, incontinence supplies, and regular wound monitoring.

6. As a direct result, Plaintiff developed a necrotic and infected pressure ulcer that went untreated, causing prolonged hospitalization and ongoing care needs. The condition, which presented as a large, tunneling, foul-smelling sacral wound upon his release, is consistent with extended neglect and untreated medical deterioration.

7. A photograph taken upon Plaintiff's admission to Jefferson Lansdale Hospital on September 25, 2024, documents the severe condition of the wound at that time. The visual evidence captures the full extent of the ulcer's progression, the extent of the tissue damage, and the chronic drainage—all of which underscore the Defendants' failure to intervene and provide timely and necessary care. The condition, which presented as a large, tunneling, foul-smelling sacral wound upon his release, is consistent with extended neglect and untreated medical deterioration.



8. These failures were not isolated errors, but the foreseeable consequence of Defendants' systemic failure to train staff, implement appropriate intake risk assessments, and adopt disability-responsive medical policies—constituting deliberate indifference under the Fourteenth Amendment and unlawful discrimination under federal disability statutes. Defendants' conduct constitutes violations of Pennsylvania and federal law, including claims for negligence, gross negligence, medical malpractice, violations of the Pennsylvania Constitution, disability discrimination, and civil rights violations under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act.

## PARTIES

9. Plaintiff Joseph Walsh is an adult individual who, at all relevant times, resided in the Commonwealth of Pennsylvania. Plaintiff was incarcerated at Bucks County Jail from August 23, 2024, to September 25, 2024.

10. Defendant Bucks County is a political subdivision of the Commonwealth of Pennsylvania responsible for the operation and oversight of Bucks County Jail, the promulgation and enforcement of correctional policies, and the provision of medical care through private contractors. Bucks County failed to enact, implement, and enforce policies ensuring adequate medical care and disability accommodations for inmates with known medical conditions, such as Plaintiff. Bucks County also failed to adequately train and supervise its employees and contractors regarding these obligations.

11. Defendant Bucks County Jail is a correctional facility operated by Bucks County and responsible for the housing and care of inmates. Through its administration and staff, Bucks County Jail not only failed to respond to Plaintiff's requests for reasonable accommodations and to timely provide necessary medical equipment, such as a pressure-relief mattress, but also subjected Plaintiff to conditions that were unsanitary, inhumane, and deprived him of basic dignity. These conditions of confinement, including the failure to maintain sanitary bedding, hygienic facilities, and an environment conducive to medical recovery, directly contributed to the deterioration of Plaintiff's physical health and emotional well-being.

12. Defendant PrimeCare Medical, Inc. is a private entity contracted by Bucks County to provide medical services to inmates housed at Bucks County Jail. PrimeCare acted under color of state law and is responsible for ensuring compliance with constitutional and medical standards of care. PrimeCare Medical personnel were deliberately indifferent to Plaintiff's serious medical needs by failing to provide prompt, appropriate, and effective treatment for his pressure wound. PrimeCare also failed to intervene or escalate care when it became apparent that Plaintiff's condition was deteriorating.

13. Defendants John and Jane Does 1–10 are correctional and medical personnel employed at Bucks County Jail whose identities are currently unknown. These individuals failed to act on Plaintiff's repeated requests for basic medical accommodations, failed to notify supervisors or medical staff about Plaintiff's worsening condition, and permitted Plaintiff to remain in unsanitary and unsafe conditions in violation of clearly established law and facility procedures.

## FACTUAL ALLEGATIONS

14. Plaintiff was transferred to Bucks County Jail on August 23, 2024. At the time of his arrival, Plaintiff did not have any active pressure wounds. Given Plaintiff's known condition of paraplegia and immobility, medical personnel had a duty to conduct a comprehensive intake screening and initiate preventive protocols, including the provision of a pressure-relieving mattress, regular skin integrity assessments, and accommodations for bowel and bladder management. It was further ordered that Plaintiff receive physical assistance with repositioning while in bed to relieve pressure and prevent skin breakdown; however, Bucks County Jail failed to ensure that such assistance was provided, resulting in prolonged periods of immobility and increased risk of serious injury.

15. Despite the absence of any pressure injury upon arrival, Defendants failed to implement or enforce any preventative protocols and neglected to provide essential accommodations. Plaintiff was not adequately examined, was denied appropriate medical equipment, and was not provided with items that would have allowed him to perform basic skin integrity checks on himself, such as a hand mirror, despite his inability to feel developing wounds due to loss of sensation. As a result, Plaintiff remained in conditions that significantly increased his risk of undetected skin breakdown and serious injury.

16. Plaintiff, who is paraplegic, requires specialized equipment, including a pressure-relieving mattress and a properly fitted wheelchair, to prevent the development of pressure wounds, a serious and well-documented risk associated with immobility and paralysis. Upon his arrival, Defendants confiscated Plaintiff's custom wheelchair, which had been specifically fitted to his body to provide postural stability and prevent pressure injuries, and replaced it with an inappropriate jail-issued wheelchair. The replacement wheelchair had only a piece of cloth for a backrest with no padding, and while Plaintiff was permitted to use his own cushion, Defendants also confiscated the stabilizing board that made the cushion effective. As a result, the substitute wheelchair negated all therapeutic benefit of his prescribed equipment and placed Plaintiff at a heightened risk for the development of severe pressure injuries.

17. Upon intake and throughout his incarceration, Plaintiff notified jail staff and PrimeCare Medical personnel of his need for this accommodation.

18. Despite repeated requests and documented medical necessity, Defendants failed to provide the required accommodations.

19. As a direct result, Plaintiff developed a severe pressure wound while incarcerated that was preventable with appropriate care. The wound was documented as unstageable while Plaintiff was in custody because medical staff failed to debride the slough, obscuring its depth. Upon Plaintiff's subsequent presentation to the emergency room, debridement was immediately recommended, and the wound was revealed to be a Stage IV pressure injury, confirming the extent of deterioration that had occurred under Defendants' care.

20. PrimeCare Medical personnel failed to provide timely wound care, including debridement and other interventions.

21. On September 25, 2024, Plaintiff was released from Bucks County Jail and, experiencing extreme pain and discomfort, presented to Jefferson Lansdale Hospital for evaluation. Upon presentation, a skin assessment revealed a large, unstable sacral decubitus ulcer with necrotic

tissue, tunneling, and malodorous chronic drainage. Although initially discharged in the hope that he could manage the wound at home, Plaintiff was forced to return to the hospital within hours due to the severity of his condition and his inability to manage the wound independently. Medical staff identified the condition as an advanced and infected wound, consistent with a necrotic injury that had been present and worsening over a prolonged period.

22. Plaintiff remains under the care of Dr. Robert Kolecki for ongoing management of the wound. The chronic nature of the wound, including its necrotic characteristics, malodorous drainage, and infection, underscores that the injury did not develop suddenly but rather progressed over time due to Defendants' deliberate indifference and failure to perform routine skin assessments or provide essential preventive care. The odor and drainage were difficult to ignore and should have alerted staff to the severity of Plaintiff's condition, yet no meaningful intervention was taken. The infection and tissue degradation evidence a serious medical condition that was repeatedly ignored, untreated, and allowed to worsen, demonstrating a conscious disregard for Plaintiff's well-being and a reckless failure to respond to an obvious and serious risk of harm.

23. At all relevant times, Bucks County and PrimeCare Medical, Inc. failed to implement, adopt, or enforce adequate training protocols for correctional and medical personnel regarding the needs of inmates with mobility impairments, including paraplegia.

24. Bucks County and PrimeCare Medical lacked a system to ensure that high-risk detainees, such as Plaintiff, received timely preventive care and necessary accommodations, such as pressure-relieving mattresses, to avoid preventable medical complications.

25. Upon information and belief, there was no written policy in place at Bucks County Jail requiring risk assessment for pressure injuries at intake, nor a requirement that jail medical providers monitor or escalate concerns related to known paraplegic conditions.

26. This absence of protocol reflects deliberate indifference to the serious medical needs of detainees with disabilities and was a moving force behind the harm Plaintiff experienced. Plaintiff does not seek to impose liability against Bucks County or PrimeCare Medical, Inc. under a theory of respondeat superior. Rather, Plaintiff's claims are based on the unconstitutional policies, customs, and failures to train and supervise employees that caused the violations of Plaintiff's constitutional and statutory rights.

## COUNT I: NEGLIGENCE
### (Against All Defendants)

27. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

28. Defendants owed Plaintiff a duty of care to provide a reasonably safe and sanitary environment, including access to adequate medical care, necessary accommodations for his disability, and conditions that preserved his health, hygiene, and dignity.

29. Defendants breached this duty by, among other acts and omissions, failing to provide a pressure-relieving mattress; confiscating Plaintiff's custom, medically prescribed wheelchair, which had been specifically fitted to prevent pressure injuries, and replacing it with an inappropriate and harmful wheelchair that eliminated all therapeutic benefit; failing to provide physical assistance with repositioning or tools necessary for Plaintiff to perform skin integrity checks; and failing to address Plaintiff's serious medical condition in a timely, competent, and humane manner. Defendants further breached their duty by leaving Plaintiff, a paraplegic individual, soiled for extended periods in urine and wound drainage, exposing him to infection and subjecting him to conditions that were degrading and incompatible with basic human dignity.

30. As a direct and proximate result of Defendants' negligence, Plaintiff suffered preventable pressure wounds, severe pain, infection, emotional distress, humiliation, and long-term medical complications requiring ongoing care.

## COUNT II: MEDICAL MALPRACTICE
### (Against PrimeCare Medical, Inc. and John Doe Medical Defendants)

31. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

32. PrimeCare Medical and its personnel owed Plaintiff a duty to provide care consistent with accepted medical standards.

33. The failure to assess, treat, or prevent Plaintiff's worsening wound condition constituted a breach of the applicable standard of care.

34. As a result, Plaintiff suffered unnecessary harm and a prolonged course of treatment.

## COUNT III: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132 (Against Bucks County and Bucks County Jail)

35. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

36. Plaintiff is a qualified individual with a disability as defined by the ADA.

37. Defendants failed to reasonably accommodate Plaintiff's known disability by denying access to essential medical devices and services.

38. This denial excluded Plaintiff from participation in services, programs, or activities of a public entity solely by reason of his disability, in violation of the ADA.

## COUNT IV: VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. § 794 (Against Bucks County and Bucks County Jail)

39. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

40. Defendant Bucks County and Bucks County Jail are recipients of federal financial assistance and therefore subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

41. Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act, as he is paraplegic and substantially limited in multiple major life activities, including walking, bowel and bladder control, and mobility.

42. Defendants discriminated against Plaintiff by failing to provide reasonable accommodations necessary for him to access basic services and maintain his health and dignity while incarcerated.

43. These accommodations included:

   (a) Pressure-relieving mattresses;
   (b) An appropriate wheelchair;
   (c) Physical assistance with repositioning;
   (d) Catheters and incontinence supplies;
   (e) Adaptive toilet or commode chair;
   (f) Routine skin checks; and
   (g) Prompt and adequate wound care.

44. Defendants' failure to provide these accommodations was not due to inadvertence or medical judgment, but rather a policy or custom of disregarding the known needs of disabled detainees, or a refusal to make modifications that were both reasonable and medically necessary.

45. As a result of Defendants' discriminatory conduct, Plaintiff suffered serious medical harm, emotional distress, and ongoing treatment needs stemming from an untreated pressure ulcer.

### COUNT V: VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
**(Against All Defendants)**

46. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

47. Defendants acted under color of state law and exhibited deliberate indifference to Plaintiff's serious medical needs, violating Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

48. These violations caused Plaintiff significant harm, physical pain, and emotional suffering.

### COUNT VI: MONELL LIABILITY UNDER 42 U.S.C. § 1983
**(Against Bucks County and PrimeCare Medical, Inc.)**

49. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

50. Defendants Bucks County and PrimeCare Medical, Inc. acted under color of state law and maintained official policies, customs, or practices that caused the constitutional violations alleged herein.

51. These policies or customs included:

(a) Failing to implement or enforce protocols for identifying and accommodating inmates with paraplegia or similar disabilities;
(b) Failing to provide necessary medical equipment or modifications to treat and prevent pressure injuries;
(c) Failing to train staff on ADA compliance and the care of disabled inmates; and
(d) Tolerating or ignoring patterns of inadequate care for high-risk detainees, such as Plaintiff.

52. At all relevant times, Defendants knew or should have known that the absence of these policies, and the lack of training and supervision of personnel, would result in serious harm to detainees with disabilities.

53. The constitutional violations suffered by Plaintiff were not isolated incidents but were the foreseeable result of Defendants' deliberate indifference to the rights and medical needs of disabled detainees under the Fourteenth Amendment and federal disability statutes. Plaintiff does not seek to impose liability under § 1983 based on respondeat superior. Instead, the claims against Bucks County and PrimeCare Medical, Inc. arise from their own policies, customs, and failures to train or supervise, which were the moving force behind the constitutional injuries sustained.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally, and award compensatory damages for physical pain, emotional distress, mental anguish, and permanent injury. Plaintiff further seeks an award of punitive damages against the individual defendants and any other appropriate parties as permitted by law. Plaintiff requests reasonable attorney's fees and costs pursuant to 42 U.S.C. §

1988 and other applicable law, as well as injunctive and declaratory relief to prevent future violations of the type alleged in this Complaint. Plaintiff further seeks such other and further relief as this Court deems just and proper.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

DATE: <u>10/17/2025</u>                BY: <u>/s/ Michael T. van der Veen</u>
                                     Michael T. van der Veen, Esquire
                                     Steven R. Bryson, Esquire
                                     Attorney for Plaintiff